GOULD, Circuit Judge,
dissenting.
Allen Hassan was convicted by a jury in California state court of obstructing an executive officer, resisting a peace officer, speeding, driving without possession of valid registration, and assault on a peace officer. The convictions arose out of an altercation between Hassan and Officer Cooney following a traffic stop, the details of which were contested at trial. The prosecutor posited during closing argument that the jury could convict Hassan of assault based on any one of three discrete acts by Hassan that were included in Officer Cooney’s version of events: (a) grabbing the officer’s badge, (b) swinging at the officer as Hassan broke free from the officer’s hold, or (c) “spearing” the officer with Hassan’s shoulder while in handcuffs.
Although there is no clearly established right in Supreme Court precedent to jury unanimity in a state prosecution, see Johnson v. Louisiana, 406 U.S. 356, 359, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972), a prisoner may also challenge a flawed instruction through a writ of habeas corpus on the theory that it “so infected the entire trial that the resulting conviction violates due process.” Cupp v. Naughten, 414 U.S. 141, 147, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973). We must inquire whether there is a reasonable likelihood that the jury applied the challenged instruction in a way that violates the Constitution. Estelle v. McGuire, 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).
The omission of a clarifying jury instruction in this case violated Hassan’s due process right to fundamental fairness in his trial because it permitted a conviction for assault without agreement by even a simple majority of the jury on the act constituting assault. Under the prosecutor’s theory of the case as presented to the jury, it is entirely plausible that the jurors split three ways, with several jurors believing Hassan committed assault only by grabbing the officer’s badge, and not otherwise, several jurors believing Hassan committed assault only by swinging his arms to break the officer’s hold, and not otherwise, and several jurors believing Hassan committed assault only by “spearing” the officer with his shoulder, and not otherwise. In the serious business of a criminal trial, there should be more certainty than this. While all twelve jurors need not agree on “which of several possible sets of underlying brute facts make up a particular element” of an offense, Richardson v. United States, 526 U.S. 813, 817, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999), the real possibility of a lack of agreement on the very act constituting the crime of assault violated Hassan’s right to a fair trial under the Due Process Clause. I would therefore reverse and grant relief.
*134 It’s also worth stepping back a bit to consider how unusual is this case. A doctor returning home from a basketball game at half-time to attend to matters for a patient is stopped for speeding. One thing leads to another, and there is not only a speeding ticket but potentially reciprocal assaults and finally criminal conviction of the doctor. Add to this mix that the doctor was a United States citizen, had an Arab name, and was stopped for his speeding ticket in January 2002, not long after September 11, 2001. It is also curious that in this particular case of conflicting testimony between traffic officer and citizen, the normal video machinery of the police car was said to have malfunctioned so there was no video record that might have answered the conflicts between the testimony of the officer and of Hassan. In such a context, we as appellate judges can never know precisely what occurred between the police officer and Hassan, and why a seemingly routine traffic stop escalated to such a confrontation including criminal charges. All of that is squarely in the province of the jury. However, we are in a position to ensure that Hassan received a fair trial, and hence my dissent. In the unusual circumstances of this case, including the prosecutor’s argument that three separate assaults occurred, each of which is adequately separated in time and space, one cannot be confident that even a simple majority of the jury convicted Hassan of one of the specified assaults. In my view, that is fundamentally unfair, and a violation of due process under established principles and Court precedent.